Judge Robertson
delivered the opinion of the Court.
Barbour’s heirs having obtained a judgment-in ejectment against Pate, and commissioners, appointed at his instance to assess his improvements, having made their report, the circuit coiirt rendered a judgment against the lessors, for the amount assessed.
From this judgment Barbour’s heirs appealed, and Young was their surety, in a joint and several appeal bond.
The appeal having been dismissed by this court, Fate sued Young on the appeal bond. On the issue of covenants performed, the court directed the jury to allow interest on the amount of the judgment, from its date, and they accordingly included the interest in their verdict against Young, for damages, and the court rendered judgment on the verdict.
The only question presented by the assignment of errors, is, whether the court instructed the jury correctly.
Court has nó right to direct jury to find interest, if jury have discretion to allow or with hold it.
F purchaser oon-tract, avoid contract, he cannot recover of vendor, value of his tZtsZZpih.
If the law did not give interest, the instruction was wrong. A court has no right to direct a jury to find interest, if the jury have a discretion to allow or withhold it.
Whether Patq had a legal right to interest or not, must depend on the construction of the act of 1812; 1Í. Digest. 675.
This act declares, that every judgment or decree, founded upon any contract, expressed or implied, that shall be delayed in the execution by injunction, super-sedeas or appeal, shall, on the affirmance of the judgment or decree, bear legal interest from its date, until it shall be paid.
Itis insisted by the plaintiff in error, that the judgment in this case, is not founded on a contract, either express or implied.
That there was no express contract will be readily conceded.
It will also be admitted, that if a purchaser of land, by parol contract, avoid tfie contract, he cannot recover from his vendor the value of improvements, in an action of assumpsit, because:
„ Ist, As he took advantage ot the statute ©f frauds, the law would not favor him, by implying an assumpsit to pay him for his improvements.
2d. He made the improvements for himself and not for his vendor, not at his request, either express' or implied, and the occupant acts do not apply to such a case. And that assumpsit cannot be maintained in such a case, is decided by this court, in Shreeve vs. Grimes, IV. Littell’s Reports, 220. It is intimated too, in that case, that assumpsit would not lie for improvements, even if the vendor had avoided the contract.
That case is relied upon by the counsel for the plaintiff, to show that the judgment in this case, was not foundnd on an implied contract. But we cannot give to the case of Shreeve vs. Grimes, such an extensive operation. That case admits that there are cases, in which an assumpsit for improvements would be implied.
Wherever constituion or law, or judgment of cpm-petent tribunal imposes duty, promise Co perform it, will be implied.
If there be any clas8 of cases in which such an as-sumpsit will be implied, this case must, we think, be one of that class.
Here the occupant held adversely to the title of the lessors. He made improvements on the land under the assurance of the acts of assembly, that if he should ever be evicted by a paramount title, he would be compensated for his improvements, by the successful party. The act of 1*812, in obedience to which, the judgment.was rendered for improvements in this case, provides that such an occupant as Pate was, shall-be entitled to a judgment against his evictor, for the. value of his improvements. We suppose, therefore, that the law implies a contract by the lessors, to pay for the improvements. It is a fundamental principle,, that whenever the constitution or law, or judgment of a competent tribunal, imposes a duty, a promise to perform it will be implied. “And thus it is, that every person is bound, and hath virtually agreed to pay such particular sums of money as are charged on him by the sentence, or assessed by the interpretation of the law; whatever, therefore, the laws order any one to pay, that becomes instantly, a debt whi'-h he hath beforehand,- contracted to discharge; and this implied agreement it is, that gives the plaintiff a right to institute a second action, founded merely, on the general contract, &c.” III. Bia..Com. 159-60.
We consider this, therefore, an implied contract. But in addition to this, it seems to us that the act of 1812, was intended to embrace all cases except torts.
Causes of civil action are divided into two classes, those ex contractu and those ex delicto. Every judgment must be founded on a cause of aclion ex contractu,, or quasi ex contractu, or on tort or quasi tort.
The right to pay for the improvements in this case, is not founded on a tort or quasi tort. It must therefore, in the .view of the act of 1812, be founded on an implied or quasi contract.
A contract is either express or implied. There is here, no express contract; therefore,if-there be any contract, it must be implied, as there has been no tort.. *103 The case must be, either a nondescript, belonging to neither contracts nor torts, or it must be included in the class of implied contracts.
.... , and decrees, when stayed by injunction, supersedeas or appeal, bear ]™ss rendered 0n causes of action arising ex debelo.
íudgmént for or o vem en ta panU°ws,U" comes under the act of’12.
Denny, Chapeze and T. T. Crittenden, for plaintiff; Hardin, for defendant.
Is there any class of cases, except torts, which are excluded by the act of 1812? If there be, what is it? Is there any case, mi generis, which cannot be arranged in the class of either contracts or torlsl
It is our opinion that the legislature intended to include in the act of 1812, all cases except such as arise ex delicto. Their language is sufficiently comprehensive. It is suchas is generally employed to embrace albcauses of action, except torts.
We are, therefore, of opinion, that the judgment for improvements, in this case, comes within the act of 1812. It is strictly and technically, an implied contract, and if it were not, it is, nevertheless, embraced by the act oí 1812, because it is not a tort.
Wherefore, Pate was entitled to interest, and conse» quently, the court did not err in its instruction to the jury; and, therefore, the'judgment of the circuit court is affirmed.